UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMMANUEL TUKPUI,

        Plaintiff,

  -against-

CITY UNIVERSITY OF NEW YORK,

        Defendant.
------------------------------------------------------------X

**ANSWER TO THE COMPLAINT**

07 CV 8713
(RPP)
(ECF)

Defendant City University of New York ("CUNY"), by and through its attorney, ANDREW M. CUOMO, Attorney General of the State of New York, as and for its answer to the Complaint in the above-captioned action, respectfully avers as follows:

## AS TO JURISDICTION AND VENUE

1. Denies the averments contained in paragraph 1; except admits that Plaintiff purports to proceed on the jurisdictional bases set forth therein.

2. Denies the averments contained in paragraph 2; except admits that venue in the Southern District of New York is appropriate.

## AS TO THE PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3; except admits that Plaintiff self-identifies as stated therein.

4. Denies the averments contained in paragraph 4; except admits that CUNY is an "employer" within the meaning of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., ("Title VII").

## AS TO THE ADMINISTRATIVE PROCEDURES

5. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7.

## AS TO THE PLAINTIFF'S FACTUAL ALLEGATIONS

8. Admits the averments contained in paragraph 8; except denies knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff "has been an employee of CUNY for more than twelve years."

9. Denies the averments contained in paragraph 9.

10. Denies the averments contained in paragraph 10; except denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence therein.

11. Denies the averments contained in paragraph 11.

12. Denies the averments contained in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13.

14. Denies the averments contained in paragraph 14; except affirmatively states that in advance of a student demonstration in April 2005, Specialist Vasquez spoke with Plaintiff about ensuring that all of the assigned officers under Plaintiff's command were in place.

15. Denies the averments contained in paragraph 15; except affirmatively states that in advance of a student demonstration in April 2005, Specialist Vasquez spoke with Plaintiff about ensuring that all of the assigned officers under Plaintiff's command were in place.

16. Admits the averments contained in paragraph 16.

17. Denies the averments contained in paragraph 17; except affirmatively states that in advance of a student demonstration in April 2005, Specialist Vasquez spoke with Plaintiff about ensuring that all of the assigned officers under Plaintiff's command were in place.

18. Denies the averments contained in paragraph 18.

19. Denies the averments contained in paragraph 19.

20. Denies the averments contained in paragraph 20.

21. Denies the averments contained in paragraph 21.

22. Denies the averments contained in paragraph 22.

23. Denies the averments contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25.

26. Denies the averments contained in paragraph 26.

27. Denies the averments contained in paragraph 27; except denies knowledge or information sufficient to form a belief as to the truth of the averments that "for the first time in five years being employed by CUNY, [Plaintiff] requested a thirty (30) day vacation so that he could travel to Africa" and "[Plaintiff's] vacation was to begin on July 10, 2005."

28. Denies the averments contained in paragraph 28; except denies knowledge or information sufficient to form a belief as to the truth of the averment that "[t]o accommodate CUNY, [Plaintiff] changed his reservation from July 10, 2005 to July 24, 2005."

29. Denies the averments contained in paragraph 29; except denies knowledge or information sufficient to form a belief as to the truth of the averment that "[t]he return date for [Plaintiff's] flight was to be September 4, 2005."

30. Denies the averments contained in paragraph 30; except denies knowledge or information sufficient to form a belief as to the truth of the averment that "[d]ue to circumstances beyond [Plaintiff's] control he did not return from Africa until September 20, 2005."

31. Denies the averments contained in paragraph 31; except denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence therein.

32. Denies the averments contained in paragraph 32.

33. Denies the averments contained in paragraph 33.

34. Denies the averments contained in paragraph 34; except admits that a hold was placed on Plaintiff's paycheck after multiple unexcused absences in September 2005.

35. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35; except admits that the hold on Plaintiff's paycheck was released following his return to work.

36. Denies the averments contained in paragraph 36; except affirmatively states that Lt. Crinnion met with Plaintiff and informed him of his three day summary suspension due to his multiple unexcused absences in September 2005.

37. Denies the averments contained in paragraph 37.

38. Denies the averments contained in paragraph 38; except denies knowledge or information sufficient to form a belief as to the truth of the averment that "on October 12, 2005, [Plaintiff] received the summary penalty of three days suspension."

39. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40.

41. Denies the averments contained in paragraph 41.

42. Denies the averments contained in paragraph 42.

## AS TO THE FIRST CAUSE OF ACTION

43. In response to the averments contained in paragraph 43, Defendant repeats and reasserts the responses contained in paragraphs 1 through 42 of this Answer, with the same force and effect as if fully set forth herein.

44. Denies the averments contained in paragraph 44.

45. Denies the averments contained in paragraph 45.

46. Denies the averments contained in paragraph 46.

47. Denies the averments contained in paragraph 47.

## AS TO THE SECOND CAUSE OF ACTION

48. In response to the averments contained in paragraph 48, Defendant repeats and reasserts the responses contained in paragraphs 1 through 47 of this Answer, with the same force and effect as if fully set forth herein.

49. Denies the averments contained in paragraph 49.

50. Denies the averments contained in paragraph 50.

51. Denies the averments contained in paragraph 51.

52. Denies the averments contained in paragraph 52.

## AS TO THE THIRD CAUSE OF ACTION

53. In response to the averments contained in paragraph 53, Defendant repeats and reasserts the responses contained in paragraphs 1 through 52 of this Answer, with the same force and effect as if fully set forth herein.

54. Denies the averments contained in paragraph 54.

55. Denies the averments contained in paragraph 55.

56. Denies the averments contained in paragraph 56.

57. Denies the averments contained in paragraph 57.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. Any averments not specifically addressed herein are hereby denied.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. The Complaint fails to state claims upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Some or all of Plaintiff's claims are barred by the Eleventh Amendment to the Constitution of the United States.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

62.  Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

63.  Some or all of Plaintiff's claims are barred to the extent that he has failed to exhaust available administrative remedies.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

64.  All employment decisions made by CUNY with respect to Plaintiff's employment were made for legitimate, non-discriminatory, and non-retaliatory reasons.

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

65.  Any injuries or damages alleged in the Complaint were caused, in whole or in part, by Plaintiff's own culpable or negligent conduct.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

66.  Plaintiff's claims for damages are barred to the extent that he has failed to mitigate.

### **AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

67.  Some or all of the relief requested by Plaintiff is not available under the applicable statutes and causes of action.

### **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

68.  Insofar as Plaintiff seeks punitive damages against CUNY with respect to his Title VII and 42 U.S.C. § 1981 claims, punitive damages are not available against governmental entities such as CUNY under those statutes.

WHEREFORE, Defendant respectfully requests judgment dismissing the Complaint in its entirety, with prejudice, together with costs, disbursements, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 7, 2007

                                  ANDREW M. CUOMO
Attorney General of the State of New York
<u>Attorney for Defendant</u>

By:

                                  /s/
Roderick L. Arz
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
Tel. 212-416-8633